## Lowe and Pattison *v.* Henry Penny.

One partner cannot bind his co-partner by a note, given after the dissolution of the partnership, for a partnership debt. But if the dissolution of the partnership was not known at the time, to the person taking the note, the co-partner would be bound.

To protect one partner from the acts of the other, after a dissolution has taken place, public notice of the dissolution should be given. To those with whom the firm has traded, particular notice is necessary, or notice of the dissolution must be carried home to them.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *N. A. N. Ogden*, for plaintiffs. *J. Ad. Rozier*, for defendant. By the court :*

PRESTON, J. The defendant is sued on a promissory note, purporting to be signed by *Penny* and *Harvey*.

He denied that he signed the note, and that he was a partner of *Harvey's* at the time it was signed.

In answer to interrogatories propounded to him, he admits, that he entered into a mercantile partnership with *Harvey*, at Miller's Bluff, in Arkansas, on the 20th of November, 1844, to continue for the term of three years; but states, that he engaged in mercantile business in Mexico, during the war, and that, in his absence, *Harvey* moved from Miller's Bluff, where their partnership was established, and took his stock of goods with him, and that he received nothing from the same.

A witness states, that in the winter of 1847 or 1848, *Harvey* came to New Orleans for the purpose of purchasing goods, and applied to the plaintiffs to get him a credit for the firm of *Penny* and *Harvey*, with the house of *Samuel Jones, Jr.*, a grocer; that the plaintiffs did get them the credit, on the promise of *Harvey*, that his firm would ship cotton to meet the debt.

---

*Eustis*, C. J., did not sit in this case.

He further proves, that the plaintiffs had to pay the debt, and, in the summer of 1848, sent him to Arkansas to close the account they had against *Penny* and *Harvey*, which he did at *Harvey's* residence, by taking the note sued upon for the groceries sold by *Jones*.

This testimony leads to the conclusion, that the debt was contracted in the winter of 1847, during the existence of the partnership of *Penny* and *Harvey*, though only liquidated, by note, in August, 1848.

It is true, as contended, that the execution of the note, after the expiration of the partnership, would not bind the firm. 5 R. R. 174. 5 N. S. 324.

But, as to the corsespondents of the firm, the dissolution must be made known, either by notice, or such acts as raise a reasonable presumption of the fact. Story on Partnership, § 160. The fact that *Harvey* moved the stock from Miller's Bluff to Harvey's Landing, was not sufficient to raise the presumption. The distance is not shown; perhaps it was a more eligible place for the business. So the fact, that *Penny* went trading in Mexico during the war, did not necessarily induce the belief that he had ceased to be a partner. He may have taken a part of the stock to Mexico, as the most advantageous manner of carrying on the business of the firm.

It is true, as urged, that the act of a partner, after the dissolution, in giving a note for a debt of the partnership, does not bind the other party. 5 R. R. 174. 5 N. S. 324. But this principle is governed by the same rule which governs the contractor of the debt. To apply, the dissolution of the partnership must be known at the time. *Penny* should have given public notice of its dissolution, and a particular notice to those with whom the firm traded, or knowledge of its dissolution should be brought home to them. Now, the witness, who was the agent of the plaintiffs to take the note sued on, was expressly asked, in the sixth cross-interrogatory: "Were not the plaintiffs aware that *Harvey* was no longer in the employ of *Penny* at the time the note was signed?" and answers distinctly in the negative. The word employ means partnership, as applicable to the case, or nothing, and so the witness must have understood it.

It is true, that the evidence in this case, is not entirely satisfactory to us, especially as to the nature and origin of the debt, and the relation of *Penny* and *Harvey* to each other; but it satisfied the district judge, and it is not sufficient as to authorize the reversal of his judgment, which is affirmed with costs.

## Same Case—On a Re-hearing.

By the court:*

Rost, J. After a further and full examination of the case, we are satisfied the judgment heretofore rendered is correct, for the reasons given.

It is therefore ordered, adjudged, and decreed, that the judgment heretofore rendered by this court, on the 8th of December, 1851, remain undisturbed.

---

*Slidell*, J., was absent.