## No. 12,420.

### R. A. VANCLEAVE, JR., VS. NELSON ET ALS.

A vendee, seeking practically the annulment of a contract of sale, can not ask restoration of the price without proposing restitution of, or accounting for, the property bought.

An agreement entered into, with a third person, by members of a firm, on its dissolution, whereby each binds himself individually to the obligations set forth, and one of the members subsequently violates the agreement, the others, formerly his copartners, are not liable.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

W. S. Parkerson for Plaintiff, Appellant.

B. B. Howard for P. H. Davies, Defendant, and Henry O. Hollander for A. J. Nelson, Defendant, Appellees.

Argued and submitted March 17, 1897.
Opinion handed down March 29, 1897.

The opinion of the court was delivered by

BLANCHARD, J. The plaintiff is the proprietor of the Crescent City Cornice Works and the defendants were proprietors of the Nelson Cornice Works.

Both firms did business in the city of New Orleans, and there was business rivalry between them.

On May 24, 1895, plaintiff bought out the business, stock of material on hand, fixtures, working tools, etc., of defendants, including the good will of the establishment and all contracts and open and outstanding accounts.

The consideration of the sale as expressed in the notarial act was five thousand dollars, in cash and notes. The real consideration was only four thousand seven hundred dollars, one of the notes given, for the sum of three hundred dollars, having, pursuant to previous understanding and agreement, been canceled and returned to the vendee. Excluding the note so returned, all the notes given

have been paid, except one for seven hundred dollars, which was made payable one year from date of sale, and two for fifteen hundred dollars each, both payable two years from date of sale. These notes bear eight per cent. interest per annum from their date, were payable to the order of their maker and were by him endorsed and delivered to the defendant Percy H. Davies.

. When the business of the Nelson Cornice Works was organized, Davies furnished all the capital, his partner, Nelson, putting in as against this only his knowledge of, and experience in, such business. The business was conducted less than two months from its inception before it was bought out by plaintiff. In the negotiations leading up to the purchase, it was understood by and between the partners Nelson and Davies, with the knowledge of plaintiff, that Nelson, who had no capital in the concern, was to have but one thousand dollars of the proceeds of the sale, and Davies the remainder, three thousand seven hundred dollars. Also that Nelson was to be paid first, taking the cash paid on account of the purchase price (four hundred dollars) and the first three notes to fall due, each for two hundred dollars, due respectively at sixty, ninety, and one hundred and twenty days from date of the sale. The cash payment and the three notes, at two hundred dollars each, were delivered to him.

The firm known as the Nelson Cornice Works, composed of Albert J. Nelson and Percy H. Davies, defendants herein, was immediately dissolved on the consummation of the sale referred to.

. Six months after the date of the sale plaintiff brings this action, recites the terms of the sale, alleges he has paid thirteen hundred dollars of the purchase price, and still owes the three notes described above; that the defendants, in violation of their contract, were engaged in the same business, in opposition to himself; that the money paid and notes given defendants were far in excess of the actual value of the materials transferred by the sale; that the chief value of the contract was the good will of defendants' business and the obligation not to engage in business in opposition to him; that owing to the violation of the contract the consideration of the notes had failed; that he is entitled to have them restored to him and canceled, and to recover from defendants, *in solido*, the thirteen hundred dollars already paid.

He prays judgment accordingly, as well as for sequestration of the notes during the pendency of the suit.

In the thirteen hundred dollar money judgment which plaintiff claims, it will be noted he includes the amount of the three hundred dollar note which was canceled and returned him by the vendors.

The allegations and prayer of the petition virtually make this a suit to set aside and annul the contract of sale. though the petition does not *express* this in so many words. And while asking the restoration of the price represented by cash and notes, the vendee proposes, on his part, no restitution of, or accounting for, the property bought.

Defendants filed separate answers through different counsel. Both deny violation of the stipulations of the contract of sale, and aver that the stock of materials and other property conveyed to plaintiff were fully worth the price agreed on.

Defendant Nelson alleges in his answer that " the Nelson Cornice Works" which he and Davies had carried on, did not constitute a commercial partnership, but was the joint ownership of a factory, and that the business connection was long since dissolved to the knowledge of plaintiff. He also urges that at the time the sale was effected it was agreed that he (Nelson) should take for his share of the purchase price the first notes falling due, and that it is within the knowledge of plaintiff that these notes have been settled and that thus he (Nelson) has been paid in full.

Defendant Davies pleaded in his answer that the contract with plaintiff only bound him *individually* not to re-engage in business in opposition to plaintiff, and that he had not violated the obligation in any manner.

There was judgment in the court below rejecting the demand of the plaintiff and dismissing the suit, reserving to the plaintiff whatever rights he may have against the defendant Albert J. Nelson.

Plaintiff appeals, and in the brief filed on his behalf he asks this court to adjust the differences between the parties.

We quote from his brief as follows:

" He now asks that the court declare that he is liable only for the amount which the tools, machinery and materials were actually worth, regardless of any question of good will or competition." He furnishes a statement of account, striking a balance of one thousand one hundred and eighty-six and ninety-seven one hundredths dollars, which, he says, he "should be decreed to pay to the defendants.'

We are at a loss to reconcile these statements and requests of his brief with the prayer of his petition, which is as follows:

"That there be judgment in favor of petitioner and against the defendants * * * *in solido* in the sum of thirteen hundred dollars * * * and canceling and restoring to petitioner three certain promissory notes, * * * one for the sum of seven hundred dollars, payable one year after date, and two each for the sum of fifteen hundred dollars, payable two years after date," etc.

The prayer of the petition determines the character of an action, and while it is true that sometimes evidence unobjected to supplies pleadings, we are not prepared, from the testimony found in this record, to apply the doctrine to the instant case.

Nor does it help the plaintiff that his petition concludes with the prayer "for all such general and special relief as the nature of the case requires and law and equity grant."

Defendants were invited into court to meet certain specific allegations upon which was based a specific demand for relief. Their answers were framed to meet the case thus presented, their evidence to respond to the issues thus raised.

To this case and these issues the parties were confined in the court below, and so they must be here.

Whether the clause of the contract under consideration, whereby defendants bound themselves "not to engage or be employed, at any time hereafter" in the same business in which plaintiff is engaged and in opposition to him, without his written consent, is or is not in restraint of trade, against public policy and forbidden by law, as insisted on by defendants, we do not find necessary to decide.

Nor is it necessary to determine whether or not the Nelson Cornice Works was a commercial partnership, nor whether the partners therein were or not bound *in solido* for the transactions of the partnership business.

The case, in our view, turns upon the construction to be placed upon the following clause of the contract between the parties:

"The above named vendors do by these presents bind themselves *individually* not to engage or be employed, at any time hereafter, in any business of cornice, ornamental and light sheet metal works in opposition to the present cornice works and business of R. A. Vancleave, without the written consent of the said Vancleave." (Italics ours.)

Whether the vendors in that act of sale were commercial partners and as such bound *in solido*, or not, it is clear that in

the clause quoted, and for the obligations therein assumed, they did not intend to bind themselves, and did not bind themselves *in solido;* but each spoke for himself individually, each bound himself, and only himself, not to do the things therein stipulated against. They did not act in that clause as partners in a business firm or concern; by the plain, unambiguous language used, they excluded all such idea.

The sale to plaintiff dissolved the copartnership existing under the name of the Nelson Cornice Works.

An agreement entered into, with a third person, by members of a firm, on its dissolution, whereby each binds himself individually to the obligations set forth, and one of the members subsequently violates the agreement, the others, formerly his copartners, are not liable.

After the dissolution of a copartnership, no act of one member of the firm can bind or affect the other member of the dissolved partnership. Dodd, Brown & Co. vs. Bishop & Co., 30 An. 1180; Meyer, Weiss & Co. vs. Atkins, 29 An. 588.

The testimony establishes conclusively that the defendant Davies did not in any way violate the obligation of the contract with plaintiff.

The three notes aggregating thirty-seven hundred dollars, which were sequestered in this suit, are his property, and as he did not himself violate the contract, and did not obligate himself to restrain Nelson from so doing, it is difficult to see on what grounds either he or his property can be held amenable to plaintiff's demand.

Whether the defendant Nelson has violated the agreement, we do not here decide. We do not deem the present action the proper one in which to determine that question.

The judgment appealed from reserves whatever rights plaintiff may have against this defendant, Nelson, and this judgment, in all respects, is affirmed.