(109 So. 907)

No. 27629.

## CROWLEY TRUST & SAVINGS BANK v. HOLLIER et al.

(June 28, 1926.   Rehearing Denied Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

.1. Partnership ⬡⟳290.

Where holder of partnership note without knowledge of dissolution of partnership permitted partner to renew note, giving new note signed in partnership name, *held* both partners were liable in solido.

2. Partnership ⬡⟳292.

After partnership dissolution and notice of dissolution is brought home to creditor, neither partner can bind firm or his copartner by any obligation in firm name.

O'Niell, C. J., dissenting.

Appeal from Fifteenth Judicial District Court, Parish of Acadia; W. W. Bailey, Judge.

Action by the Crowley Trust & Savings Bank against J. E. Hollier and Theophas Simon. Judgment for plaintiff, and defendant Simon appeals. Affirmed.

Gremillion & Smith, of Crowley, for appellant.

W. J. Carmouche, of Crowley, for appellee.

BRUNOT, J.   This is a suit upon a promissory note dated October 3, 1922, for $4,000, payable 60 days after date, and signed "Hollier & Simon, by J. E. Hollier." The petition alleges that J. E. Hollier and Theophas Simon composed a commercial partnership domiciled and doing business in the city of Lake Charles, parish of Calcasieu, under the firm name of Hollier & Simon; that Hollier & Simon was indebted to J. E. Hollier individually, and to represent this indebtedness the note of the firm was executed for $6.000, payable to J. E. Hollier; that said note was pledged to petitioner as collateral to secure an individual indebtedness due by J. E. Hollier to petitioner; that sundry payments were made thereon which reduced the note to $4,000, and a new note for that sum was executed by the firm; that before the dissolution of the copartnership, and in lieu of the individual indebtedness of J. E. Hollier to petitioner, it took over and became the owner of the said Hollier & Simon note; that said note was renewed several times; that upon the maturity of the note sued upon, which is dated October 3, 1922, petitioner learned that the copartnership of Hollier & Simon had dissolved during the month of March, 1922. The prayer of the petition is for a judgment jointly, severally, and in solido against J. E. Hollier and Theophas Simon for $4,000 with 8 per cent. interest thereon from December 2, 1922, until paid, and 10 per cent. on the principal and interest thereof as attorney's fees. J. E. Hollier made no appearance, and a judgment by default was rendered against him. Theophas Simon answered the suit. The answer admits the execution by the firm of the $6,000 note, the alleged payments thereon, the execution of the $4,000 note for the balance due by the firm to J. E. Hollier, but avers that this note

was liquidated and settled on January 1, 1922, the date the dissolution of the partnership was made effective, and from which date J. E. Hollier became the owner of all of the assets and assumed all of the liabilities of the firm of Hollier & Simon. The answer also denies that the petitioner ever held either of the Hollier & Simon notes as the owner thereof, but it alleges that both were held by petitioner as collateral to secure an individual indebtedness of J. E. Hollier.

From a judgment in favor of the plaintiff as prayed for in the petition, defendant Theophas Simon appealed.

From the record it appears that the original note of the firm of Hollier & Simon for $6.000 was executed December 9, 1919. This note was made payable to J. E. Hollier and it was attached to Hollier's personal note as collateral security for an individual indebtedness of Hollier to petitioner. Thereafter several payments were credited on the note which reduced the amount due thereon to $4,000. On December 15, 1921, the firm of Hollier & Simon executed a new note, due ninety days after date, for $4,000. This note was made payable to Crowley Bank & Trust Company, the plaintiff herein. The plaintiff took over the note as owner thereof, in lieu of Hollier's individual indebtedness to it, and it canceled and returned to Hollier & Simon the original $6,000 note executed by that firm. The note for $4,000 which the plaintiff held as owner thereof became due and payable March 15, 1922. On that date it was renewed. It was renewed again on May 22, 1922, and lastly on October 3, 1922.

According to the testimony, the firm of Hollier & Simon was dissolved by mutual consent some time during the month of March, 1922. The dissolution was made effective as of date January 1, 1922. On April 4, 1922, the following notice of the dissolution was published in the American-Press of Lake Charles, La.:

"Notice is hereby given that the firm of Hollier & Simon has been dissolved and all assets and liabilities of the old firm has been assumed by Mr. J. E. Hollier."

[1, 2] The record discloses that the note sued upon is a renewal note, executed in the name of the firm by J. E. Hollier, one of the partners, after the dissolution of the firm, and substituted for the' firm's original note which was executed prior to the dissolution thereof. The testimony of the president of the plaintiff bank is that he had no knowledge of the dissolution of the firm of Hollier & Simon until after the maturity of the note sued upon. We do not think it necessary to review the testimony. It clearly establishes the facts as we have stated them. The question presented under this state of facts is whether or not both partners are liable, in solido, for the indebtedness of the firm which is represented by the note sued upon. We can see but one answer to the question, and the district judge has given the correct answer to it. The theory upon which the defense is based is that Hollier could not renew the note of the firm after the dissolution of the partnership. Of course, after the firm is dissolved and notice of the dissolution is brought home to the creditor, neither partner can bind the firm or his copartner to a new obligation, but that is not the case here. The note was a partnership note; it was executed, and it was acquired by plaintiff, as owner, long before the dissolution of the partnership; and both partners were liable, in solido, for its payment. Under these circumstances, no agreement whatever between the respective partners can alter or affect the rights of the holder and owner of the note without his consent.

Appellant relies upon the following cases: Lowe & Pattison v. Henry Penny, 7 La. Ann. 356; Sentell & Co. v. Kennedy, 29 La. Ann. 688; Dodd, Brown & Co. v. Bishop & Co., 30 La. Ann. 1178; Vancleave v. Nelson, 49 La. Ann. 621, 21 So. 734; and Bank of Monroe v.

Drew, 126 La. 1044, 53 So. 129, 32 L. R. A. (N. S.) 255. In Lowe v. Penny the court held that:

"One partner cannot bind his copartner by a note, given after the dissolution of the partnership, for a partnership debt. But if the dissolution of the partnership was not known at the time to the person taking the note, the copartner would be bound."

In that case Penny and Harvey entered into a copartnership in 1844, to continue for three years. Penny left the United States and established a mercantile business in Mexico. During his absence, Harvey moved from Millers Bluff, took the firm's stock of goods and located in Arkansas. In 1847 or 1848 he contracted a debt for groceries. After the firm had dissolved, he executed the firm's note for the amount necessary to close the account due for the groceries. The court found that the debt for the groceries was contracted before the dissolution of the partnership but that the note given to liquidate that debt was executed after the dissolution of the partnership. It is apparent that this case has no application to the case now before us.

In Sentell & Co. v. Kennedy, the question involved was whether a merchant who had dealt with an agent, acting under a written power of attorney, could prove by parole the correctness of his account and an acknowledgment of its correctness or ratification by the principal, even though the agent had transgressed his mandate. In Dodd, Brown & Co. v. Bishop & Co. the court held that:

"A promissory note executed in the name of a certain commercial firm, in liquidation, by an agent of one of the former partners, after the dissolution of the firm, is not binding on the former members who have not given any specific authority for the execution of the note."

In this case the notes were given during the liquidation of the partnership, by an agent of one of the partners, in settlement of an account due by the partnership. It was a novation of the debt.

In Vancleave v. Nelson the court said:

"Whether the vendors in that act of sale were commercial partners, and, as such, bound in solido, or not, it is clear that in the clause quoted, and for the obligations therein assumed, they did not intend to bind themselves, and did not bind themselves, in solido; but each spoke for himself individually, each bound himself, and only himself, not to do the things therein stipulated against. They did not act in that clause as partners in a business firm or concern. By the plain, unambiguous language used, they excluded all such idea."

In Bank of Monroe v. Drew, the court held that:

"A member of a partnership that has terminated is without power to create new obligations that are binding on the partnership, but he does possess the power to bind the partnership by his acknowledgment of obligations already incurred by it. The members of a partnership already terminated are not bound to pay 8 per cent. interest and attorney's fees stipulated for in a note (given by one of the partners after the termination of the partnership), in substitution of a note given by the partnership, and which stipulated for interest at 5 per cent. To permit the partner to change the rate of interest would be to allow him to create new obligations to bind a legal entity that had already ceased to exist. His power to create new obligations is only coeval with the existence of the partnership."

In the case before us the plaintiff permitted one of the partners of Hollier & Simon to renew a note of the firm after its dissolution, or to substitute a new note of the firm for the note that had matured, without any change whatever in the stipulations of the original note and without knowledge of the previous dissolution of the firm. We think that, if such a situation had been presented in the case from which we have just quoted, the court would have held the partners liable in solido for the indebtedness represented by the note. We do not think it necessary to review the common-law authorities cited by appellee. Our opinion is that the judgment appealed from is correct, and it is therefore affirmed at appellant's cost.

O'NIELL, C. J., dissents.