## MURPHY v. ETHRIDGE–ATKINS CORPORATION.

### No. 5749.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 4, 1938.

Rehearing Denied Dec. 9, 1938.

Raymond E. Shuler and Hunter & Hunter, all of Shreveport, for appellant.

Jacques L. Wiener, of Shreveport, for appellee.

DREW, Judge.

On May 4, 1935, plaintiff purchased from the defendant a Plymouth 4-door sedan, the price being $495. In payment of said car, plaintiff delivered to defendant his old car for which a credit of $115 was allowed. The balance of the purchase price was represented by a note made by plaintiff, payable at the rate of $32.20 per month. He made the following payments on said note:

| | |
|---|---|
| June 5, 1935 | $32.20 |
| July 1, 1935 | 32.20 |
| August 19, 1935 | 20.00 |
| September 5, 1935 | 12.20 |
| September 16, 1935 | 16.20 |

Some days later in the month of September, 1935, plaintiff delivered the car to the C. I. T. Corporation, a finance corporation, which at that time owned the note and he has never made any further payments thereon.

On January 29, 1936, plaintiff instituted this suit, praying for a rescission of the sale and for a monied judgment against defendant in the sum of $342, being the price paid by him on the car plus damages he alleged were caused him by and through the transaction. For a cause of action he alleged as follows:

"That petitioner at the time of and before purchasing said automobile relied upon the specific representations made to him by the defendant that the automobile had never been in taxicab service, and that the actual mileage on said automobile was 28,000 miles.

"Petitioner further shows that on or about three weeks after the purchase of said automobile from said defendant, he discovered that said automobile so purchased by him had been actually driven 83,000 miles in taxicab service, which facts of mileage and prior use of the said automobile were in direct conflict with the express representations made to him on the part of said defendant that the said automobile had not been used in taxicab service and that its mileage did not exceed 28,000 miles, which representations petitioner avers were representations of fact which did not exist and which petitioner now shows were false and untrue and upon which he relied in good faith and without any knowledge that said representations were untrue, and in this connection he further shows that he acted in error of fact in the purchase of said automobile and in sole reliance upon said representations of said defendant, which were and are untrue, and that the said sale was caused and superinduced by error of fact relating to the principal cause thereof, rendering the said sale null, void and without effect.

"That defendant knew or should have known that the said representations were untrue, false and erroneous and that the sale of the said automobile by defendant to petitioner under these representations as alleged herein constituted a fraud upon petitioner and rendered defendant liable to petitioner in warranty for any damages he might suffer as the result of said representations."

Defendant in answer denied the allegations of plaintiff's petition and, in the al-

ternative, pleaded that plaintiff had waived any right to a rescission he might have had by his continuous use of the automobile for several months after discovering the alleged misrepresentations and by continuing to make payments on the note. Other defenses were set up which are unnecessary to relate here, due to our finding that the defense of waiver is sound. The lower court found the defense to be good and rejected plaintiff's demands.

The automobile was purchased on May 24, 1935, and within three weeks' time thereafter plaintiff discovered that it had actually been driven 83,000 miles and had been previously used in the taxicab service. It is not shown that defendant had knowledge of these facts. However, it is shown that defendant's salesman told plaintiff's wife that the automobile had not been used in the taxicab service and that the mileage of 28,000 miles shown by the speedometer was the correct one.

The lower court found that plaintiff had proved these misrepresentations and we are of the opinion its finding in that respect is correct. However, when plaintiff learned these facts he did not cease using the car or return it to the defendant company. No complaint was made until possibly a month afterward after plaintiff had made a trip to Alabama and back in it. Then he talked to a Mr. Busby, a salesman of the defendant company, from whom plaintiff purchased the car. He received no satisfaction from the salesman and did not make any further complaint, but immediately placed the automobile into taxicab service and it was operated in that manner until the latter part of September, nearly two months later, at which time plaintiff delivered it to the finance corporation and ceased making the payments. Plaintiff made five different payments on the car after he discovered the facts set out as misrepresentations of the defendant company. During this period of time he operated the automobile a distance of from twelve to thirteen thousand miles and, during this period of time, the only repairs necessary on the car amounted to approximately $15, caused by a defective clutch which had to be replaced.

 The action of plaintiff in continuing the use of the automobile for the period of time he did after discovering the misrepresentations without any complaint to the defendant company, except the one made to its salesman, which was not for a rescission of sale but for an adjustment in price, constitutes in law a waiver of any right he might have had to force a rescission of the sale. One of the requirements for a rescission of sale is that the status quo be restored. After driving the car for personal use and in taxicab service for from twelve to thirteen thousand miles, he could not have restored the status quo if he had wished to. A different situation might exist if he had ceased using the car immediately upon learning of the misrepresentations and offered to return it to defendant. He would have been justified in using the car until he was informed of the misrepresentations, but was not justified in using it for several months thereafter. Goode-Cage Drug Company v. Ives, 16 La.App. 383, 133 So. 813; Deville Lumber Company v. Jaubert, 19 La.App. 48, 139 So. 502; Twin City Motor Company v. Pettit, La.App., 177 So. 814; Cleaners Equipment Corporation v. Weil Cleaners, Inc., La. App., 178 So. 771.

For the reasons above given, the judgment of the lower court is affirmed with costs.