Plaintiff sues to recover the sum of $525.00 for work performed in installing a refrigerator body on a Jeep automobile truck owned by defendant. Defendant admitted the agreement for the performance of the work by plaintiff, but strenuously opposed the action for recovery of the value thereof on the ground that plaintiff's work was thoroughly and completely unsatisfactory and that the body as constructed by plaintiff was useless for the purpose for which it was designed, namely, as a container for ice cream to be sold by defendant in retail trade. Defendant reconvened for damages consisting of loss of earnings, expenditures on the body designed to make the same fit for use, and attorney's fees, in the total sum of $1,184.09.
After trial there was judgment rejecting both the demands of plaintiff and the reconventional demand of defendant, from which judgment plaintiff has appealed and defendant has answered the appeal, re-urging his reconventional demands.
The following facts were conclusively established on trial: that defendant purchased a Jeep truck in the early part of July, 1947, and at or about the same date entered into an agreement with plaintiff for the building of an insulated refrigerator body at a fixed cost of $500.00; *Page 602 
that the truck was delivered to plaintiff on or about July 29th, for the purpose of beginning the work; that between the dates of July 29th and September 11th, 1947, plaintiff had possession of the truck with the exception of two days during the latter part of August; that on September 15, 1947, the defendant took possession of the truck and body, delivered the same to a garage for work in lining the refrigerator; that the truck was again returned to plaintiff on September 19th, and finally was taken possession of by defendant on September 22nd.
One of the disputed facts in connection with this matter is with respect to the agreement as to the time for the performance of the work. Defendant contends that plaintiff agreed to complete the work within a period of two weeks after the truck was first delivered to him on July 29th. While this is stoutly denied by plaintiff, we are constrained to conclude that there was some such understanding. Defendant, a returned war veteran, was anxious to begin work in some gainful employment and the business he selected, namely, that of retailing ice cream products, is definitely a seasonable venture. There can be no question as to defendant's desire to have the work performed with the least possible delay, and certainly time was of the essence of the agreement. The evidence on this point appears to us to preponderate in favor of defendant.
Certainly, there is no question as to the correctness of a finding to the effect that plaintiff consumed an undue amount of time in its work on the refrigerator body, and, further, that the job was completely unsatisfactory, and, to a large degree, unserviceable for the purpose for which intended. To our minds these facts are conclusively established by the record, and it follows that plaintiff is not entitled to recover by reason of the fact that he sues on the basis of work performed under an agreement and he has failed to establish compliance with the terms thereof.
It is argued on the part of plaintiff that its work was "substantially" completed on August 29th, when the vehicle was first taken out of its possession for a brief period of time by the defendant, and that only minor details in connection with the construction remained to be done. This argument is refuted by the fact that after August 30th the vehicle was returned to plaintiff, who retained possession of it for a period of some three weeks more or less. And it must be borne in mind that plaintiff never did satisfactorily remedy the existing defects and, after thorough study of the evidence, we have reached the conclusion that this failure was due to plaintiff's lack of ability to satisfactorily perform his agreement and not to any lack of time within which to perform. It was shown that plaintiff had never performed any work of this nature or kind, and, in fact, it appears that the venture on his part was in the nature of an experiment and, unquestionably, his efforts were unsuccessful.
It is further urged on behalf of plaintiff that if the Court should hold he has failed to perform his obligations by reason of the incomplete or defective work, that he is nonetheless entitled to recover the contract price, leaving defendant a remedy in the nature of a reduction to the extent necessary to perfect or complete the work. There might be some merit in this contention were it not for the fact that defendant has successfully established the fact, through the overwhelming testimony of himself and his witnesses that the job as performed by plaintiff is useless for the intended purpose. Defendant received little, if any, benefit as the result of plaintiff's work. He was deprived of any use of the truck during the period which embraced the height of the season for the sale of his produce; he was put to some substantial expense in the attempt to procure elsewhere a remedy of the defects, and, despite everything that was done, the work remained thoroughly unsatisfactory.
Under this conception of the established facts, we are firm in the belief that plaintiff has failed to make out a case for recovery on any ground whatever and the citations of authority as to the right to an increase over the contract price, the determination of "reasonable time", the alleged prevention of performance by defendant, and the correction of defects, are alike inapplicable. *Page 603 
The nature of this action and the facts involved are strikingly similar to the case of Standard Plumbing, Heating 
Supply Co., Inc., v. Goudchaux', et al., La. App., 11 So.2d 96, which was an action for the recovery of the contract price for the installation of a cooling system. Our brethren of the First Circuit compared the action to that of the voidance of a sale by a buyer for defects rendering it unfit for the purpose of and use for which it was intended. On this ground recovery for a cooling system, which was unsatisfactory, was denied. We think the same principle is properly invoked in the case before us.
We find no merit in the claims advanced by defendant in the nature of a reconventional demand. With the exception of one or two items, defendant failed to properly establish any damage. But, primarily, the reconventional demand may not be properly considered by reason of the fact that defendant has failed to put plaintiff in default as expressly required by the provisions of Article 1912 of the Civil Code.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
 On Rehearing.