McBRIDE, Judge.
Plaintiff brings this suit to rescind an act of sale whereby he purchased a secondhand Ford station wagon from Bell Auto Sales, and also to have annulled and can-celled the note secured by chattel mortgage on the automobile held by Republic Finance Corporation, which he gave in representation of the credit portion of the purchase price. He avers the agreed purchase price of the automobile was $795, on which he was to be given a credit of $150 for the “trading in" of his Ford automobile; that he paid in cash, in addition to trading in his automobile, the sum of $295, and that he executed the note mentioned above for the balance.
Plaintiff charges the salesman of Bell Auto Sales who negotiated the sale with misrepresentation; he avers the salesman induced him to sign some documents in blank which only contained printed matter which he did not read. Plaintiff’s testimony reflects he does not know exactly how many documents he signed except that one was a bill of sale on pink paper, a copy of which was given to him; that he afterward noticed that the purchase price was correctly stated to be $795 and that the amount of the trade in was shown as $170. He claims, however, that a few days later the salesman called upon him and persuaded him to sign another bill of sale on the pretense that the motor number of the automobile had been misstated in the original sale, and that he, relying on the integrity of the salesman, signed the second bill of sale without reading it, surrendering at the time to the salesman the first document he had signed. According to plaintiff,. later that evening he read the copy of the second bill of sale which had been given to him by the salesman and noticed that the purchase price had been boosted to $925 and the amount of the trade in reduced to $100.
The defendants filed what amount to general denials of the allegations of misrepresentation; the finance company additionally set up that it was a holder and owner in due course of the plaintiff’s note.
After a trial the judge of the lower court rendered judgment in favor of both defendants dismissing plaintiff’s suit, assigning no written reasons for judgment. Plaintiff has appealed.
There are at least three good reasons why plaintiff cannot be successful in his demand for a nullity of the sale. First, he has not alleged he ever offered to restore his vendor to the position it was in before the transaction was entered into, nor is allusion made in his testimony to a tender of the car or any offer to return it to the vendor. The allegation made in the petition that plaintiff “stands ready, willing and able to return and give over to defendant, Bell Auto Sales, the said 1954 Ford Station Wagon, upon the return to petitioner of his 1949 Ford Sedan,” does not suffice to set forth such a tender as the law would contemplate in a case of this kind. The jurisprudence is well settled to the effect that one seeking relief through rescission of a contract of sale must first offer to restore his adversary to the position he was in at the time the contract was entered into. Hitt v. Herndon, 166 La. 497, 117 So. 568; City Savings Bank & Trust Co. v. Goodman, 156 La. 106, 100 So. 66; Clover v. Gottlieb, 50 La.Ann. 568, 23 So. 459; Vancleave v. Nelson, 49 La.Ann. 621, 21 So. 734; Kings Truck & Body Works v. Barrett, La.App., 39 So.2d 601; Byrne v. Ortte, La.App., 33 So.2d 209.
The second reason why plaintiff should not be permitted to rescind the sale is because he, by admission of his counsel, has paid the full deferred portion of the price as represented by the note to the finance company, thus completely ratifying the transaction. See Chaignaud v. Baden, La.App., 81 So.2d 76; Murphy v. Ethridge-Atkins Corporation, La.App., 185 So. 487.
Thirdly, the evidence indicates that plaintiff continued to use the automobile up to the date of the trial below, about nine *527 months after the transaction, and for aught we know he is still driving the automobile. His making use of the object of the sale for such period of time after discovering the misrepresentations complained of and the filing of his suit for rescission of the contract would preclude plaintiff from attacking the sale, as it would be beyond his ability to restore his vendor to the position it was in at the time the transaction took place.
The alternative argument is made on behalf of plaintiff in this court that he is entitled to a judgment against his vendor for the difference between the agreed upon price of the automobile and the fraudulent purchase price thereof stated in the documents evidencing the sale.
Plaintiff’s petition makes no such alternative demand, and the moneyed judgment he seeks would not be warranted under the pleadings, the action being one for a nullity of sale on the ground of fraud.
Moreover, we cannot tell from plaintiff’s testimony exactly what the purchase price of the automobile is for the reason he mentions the sum of $795 but also said something about $100 for insurance, and the exact import of his testimony is not clear. He further stated that he was entitled to an allowance of $150 on the trade in of his automobile; yet at another point he states the salesman figured the trade in to be $170. Another feature of the transaction which would have to be considered if judgment were allowed plaintiff would be the amount of the finance charges because of the nature of the sale, but we are unable to state from the testimony what these charges amount to.
This record is very unsatisfactory and plaintiff’s testimony is unimpressive.
Therefore, the judgment appealed from be and the same is hereby affirmed.
Affirmed.
JANVIER, J., takes no part.